■ FRIEDMAN & KAPLAN, Respondent, v STEWART HOFFMAN et al., Appellants.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered March 9, 1990, which granted defendants' motion for reargument and, upon reargument, *inter alia,* adhered to its order entered December 12, 1989 granting plaintiff judgment pursuant to CPLR 3126 upon defendants' failure to appear for deposition, unanimously modified without costs, on the law and the facts and in the exercise of discretion, judgment and note of issue vacated, and the parties directed to appear for depositions and to complete discovery within 60 days after the entry of the order. Appeal from the order of the same court, entered December 12, 1989, is dismissed, without costs, as moot, having been superceded by the order entered March 9, 1990.

Plaintiff *pro se* commenced this action to recover $55,068 for legal services alleged to have been rendered to defendants. Defendants, in their answer, assert that because of plaintiff's advice against settling the matter for $700,000 they were required to pay $860,000 when plaintiff was unsuccessful on the appeal in that matter.

Upon the instant appeal, defendants contend that Supreme Court abused its discretion in permitting plaintiff to file a note

of issue when defendants had outstanding a demand for discovery (defendants' first set of interrogatories). We agree. At the time their present counsel consented, in writing, to deposition of defendants on November 15, 1989 at plaintiff's New York City office, he had not yet received the case file from defendants' former attorneys and was apparently unaware that defendant Stewart Hoffman was a resident of the State of Texas. When the parties could not agree upon an alternate discovery device, counsel for defendants informed plaintiff that neither of his clients would appear for deposition. Plaintiff then obtained judgment by default against defendant Peter Gullo pursuant to CPLR 3126 in an order entered December 12, 1989. Upon reargument, the court vacated judgment on condition Gullo pay to plaintiff a sanction of $1,500 and appear for examination within 30 days. The order did not, however, vacate the note of issue or grant leave to defendants to conduct further discovery after its filing. Defendants should have an opportunity to conduct discovery without unduly delaying the proceedings any further and we modify Supreme Court's order accordingly. Concur—Ross, J. P., Rosenberger, Kassal, Wallach and Rubin, JJ.